UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RUI MING LIN,

                              Plaintiff,

        -against-

CHAD WOLF, Acting Secretary, Department of
Homeland Security, and KENNETH T.
CUCCINELLI, Director, U.S. Citizenship &
Immigration Services,

                              Defendants.

**MEMORANDUM & ORDER
19-CV-2646 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Rui Ming Lin, a Chinese citizen granted asylum in 2013, seeks an order pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, to reverse a decision of the Department of Homeland Security ("DHS") that denied his application for an adjustment of status to lawful permanent resident. (Compl. (Dkt. 1).) Defendants Chad Wolf and Kenneth Cuccinelli, in their capacities as Acting Secretary of DHS and Acting Director of U.S. Citizenship and Immigration Services ("USCIS")[1], move to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), on the grounds that the court lacks subject matter jurisdiction and that Plaintiff has failed to state a claim upon which relief may be granted, and in the alternative, for summary judgment under Rule 56. (*See* Defs.' Mem. in Supp. of Mot. (Dkt. 11).) For the reasons set forth below, Defendants' motion to dismiss is GRANTED.

---

[1] Under Fed. R. Civ. P. 25(d), Acting Secretary Wolf and Acting Director Cuccinelli are automatically substituted for their institutional predecessors. The Clerk of the Court is respectfully directed to update the caption accordingly.

## I.  BACKGROUND

Plaintiff entered the United States in December 2009, on a B2 visitor visa. (USCIS Nov. 2, 2018 I-485 Denial ("Denial") (Dkt. 1-2) at ECF p. 18.) On November 29, 2010, he filed an application for asylum. (*Id.*) Plaintiff claimed that in 2007 he was beaten and detained, and his wife was forced to undergo an abortion, due to violations of China's Family Planning Policy. (*Id.* at 19.) An Asylum Officer conducted an interview and did not find Plaintiff's story credible; however, the case was referred to an Immigration Judge who granted asylum on April 3, 2013. (*Id.* at 18.)

Plaintiff received assistance preparing his asylum application from an attorney, Meng Fei Yu, and an interpreter, Lianna Chen. (*Id.* at 19.) Subsequent to Plaintiff's interview, but before he was granted asylum, Yu and Chen were indicted as part of "Operation Fiction Writer" ("OFW"), in which a group of thirty immigration attorneys and support professionals were charged with filing fraudulent asylum applications. (*Id.*) Yu and Chen pleaded guilty to conspiracy to commit immigration fraud. (*Id.*)

On April 8, 2014, Plaintiff filed Form I-485, an application for an adjustment of status to permanent resident. (*Id.* at 17.) On September 4, 2018, USCIS responded with a Notice of Intent to Deny ("NOID") that set out the reasons for the anticipated denial and gave Plaintiff a chance to respond. (*Id.* at 18.) On November 2, 2018, USCIS officially denied Plaintiff's Form I-485 in a decision that restated the factual findings and conclusions of the NOID. (*Id.* at 19.) The Denial cited Yu and Chen's involvement in Plaintiff's application and noted "an identical sequence of events" that appeared in his application and in many other OFW cases. (*Id.*) In addition, the Denial catalogued several inconsistent statements that Plaintiff made between his applications for a visitor's visa, for asylum, and for an adjustment to permanent status. (*Id.* at 21-23.) Plaintiff gave inconsistent answers regarding his criminal history, his address history, his employment and educational

2

history, and his family members living in the United States. (*Id.*) USCIS concluded that those inconsistencies showed a "lack of candor" that "cast doubt on [his] credibility and weigh[ed] as significant adverse factors" to his application. (*Id*. at 24-25.)

Plaintiff filed a complaint in this court on May 5, 2019, claiming that USCIS's denial of his Form I-485 was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law", in violation of the APA, 5 U.S.C. § 706(2)(A), and that it violated his Due Process rights. (Compl. ¶¶ 13, 28, 29.)

## II.  LEGAL STANDARD

Under Rule 12(b)(1), a district court must dismiss a case when it "lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)[2]. In reviewing a motion to dismiss under Rule 12(b)(1), the court must accept all material factual allegations in the complaint as true, *see Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998), but should not draw "argumentative inferences favorable to the party asserting jurisdiction*.*" *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992) (citing *Norton v. Larney*, 266 U.S. 511, 515 (1925)). The court may refer to evidence outside the pleadings. *See Makarova*, 201 F.3d at 113 (citing *Kamen v. American Tel. & Tel. Co.*, 791 F. 2d 1006, 1011 (2d Cir. 1986) (stating that "evidentiary matter may be presented by affidavit or otherwise" under a Rule 12(b)(1) motion)). The non-moving party bears the burden of showing, by a preponderance of the evidence, that the court has subject matter jurisdiction over its claims. *See id*.

---

[2] When quoting cases, and unless otherwise noted, all citations and quotation marks are omitted and all alterations are adopted.

## III. DISCUSSION

Under 8 U.S.C. § 1252(a)(2)(B)(ii), "no court shall have jurisdiction to review . . . any [] decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in [their] discretion." The REAL ID Act of 2005 amended Section 1252 to add a limited exception to the statute's jurisdictional bar for "review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D); REAL ID Act of 2005, Pub. L. No. 09-13, § 106(a), 199 Stat. 231 (May 11, 2005).

Here, Plaintiff's application for an adjustment to permanent status is, by statute, committed to the discretion of DHS and the Department of Justice. *See* 8 U.S.C. § 1159(b) ("The Secretary of Homeland Security or the Attorney General, in the Secretary's or the Attorney General's discretion and under such regulations as the Secretary or the Attorney General may prescribe, may adjust to the status of an alien lawfully admitted for permanent residence the status of any alien granted asylum" who applies, is present in the United States, and meets other basic criteria); 8 U.S.C. § 1255(a) ("The status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence . . . ."); *see also Beshir v. Holder*, 10 F. Supp. 3d 165, 173 (D.D.C. 2014) ("Two analogous statutes, 8 U.S.C. § 1159(b) and 8 U.S.C. § 1255(a), are relevant to the adjudication of adjustment applications, and their plain language supports the conclusion that the pace of adjudication is discretionary."). Accordingly, this court does not possess jurisdiction to consider USCIS's discretionary decision to deny Plaintiff's application for an adjustment to permanent status. *See Ruiz v.*

*Mukasey*, 552 F.3d 269, 275 n.4 (2d Cir. 2009) (explaining that Section 1252 "eliminates district court jurisdiction to review the denial of an I-485 application"). To the extent that Plaintiff's claims could be construed as falling within the exception for constitutional claims or questions of law, those may only be addressed by an appropriate court of appeals. *See Shabaj v. Holder*, 718 F.3d 48, 51 (2d Cir. 2013) ("[W]hile *this* court would have jurisdiction to review any constitutional claims or questions of law properly raised in a petition for review, *the district court* did not." (emphasis in original)).

## IV.  CONCLUSION

For the foregoing reasons, Defendants' (Dkt. 10) motion to dismiss is GRANTED. Plaintiff's complaint is DISMISSED without prejudice. The Clerk of the Court is respectfully DIRECTED to enter judgment for Defendants and close the case.


SO ORDERED.


Dated:     Brooklyn, New York
           August 24, 2020


                                         _/s/ Nicholas G. Garaufis_
                                         NICHOLAS G. GARAUFIS
                                         United States District Judge

5